# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge If Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 04 C 903 | **DATE** | 9/23/2004 |
| **CASE TITLE** | P.H. International Trading Co. vs. Christia Confezioni | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, plaintiff's motion to compel is granted to the extent plaintiff seeks the deposition of Mr. Sorio. The parties have seven days from the date of this order to notify the court whether the deposition will be taken via video conference or in person in Chicago.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices: 2 |
| ✓ | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | SEP 2 4 2004 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | 9/22/2004 date mailed notice |
| | Copy to judge/magistrate judge. | |

courtroom deputy's initials: hmb

U.S. DISTRICT COURT CLERK

2004 SEP 24  AM 8: 29

Date/time received in central Clerk's Office

mailing deputy initials: hmb

**Document Number** 28

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DOCKETED

SEP 2 4 2004

P.H. INTERNATIONAL TRADING CO.  )
d/b/a HANA K FASHIONS          )
                               )     Case No. 04 C 903
        Plaintiff,            )
                               )
  vs.                         )     Judge David H. Coar
                               )     Magistrate Judge Nan R. Nolan
CHRISTIA CONFEZIONI S.p.A., an Italian  )
corporation and FBLG, INC.,    )
        Defendants.           )

### MEMORANDUM OPINION AND ORDER

Plaintiff P.H. International Trading Co. d/b/a Hana K Fashions ("Hana K") sued

defendant Christia Confezioni S.p.A. ("Christia"), an Italian corporation, in state court for a

variety of state law claims including, among other claims, breach of contract, constructive fraud,

fraud, promissory estoppel, and civil conspiracy. Christia removed the case to federal court and

filed a motion to dismiss, challenging personal jurisdiction, venue, and asserting the doctrine of

*forum non conveniens.* In support of its jurisdictional challenge, Christia submitted the

declaration of Francesco Sorio, "an authorized representative of Christia," regarding Christia's

contacts with Illinois. (Pl.'s Mot. Compel, Ex. A.) The district court subsequently extended

briefing on the motion to dismiss to allow the parties to take discovery on the jurisdiction issue.

This matter is now before the court on *Plaintiff's Motion to Compel*, in which Hana K asks the

court to compel (1) the deposition of Mr. Sorio and (2) the production of documents responsive

to certain document requests. During the course of briefing the motion to compel, the parties

represented that they are close to resolving the dispute regarding the document requests.



Accordingly, this order addresses the motion to compel only as it relates to the deposition of Mr. Sorio. For the reasons explained below, the court grants plaintiff's motion to compel in part.

## ANALYSIS

Christia opposes presenting Mr. Sorio for deposition on two grounds. First, Christia contends that Sorio's deposition is unnecessary for resolution of the motion to dismiss. The court disagrees. Christia presented an affidavit from Mr. Sorio in support of its motion to dismiss. Unless Christia intends to withdraw Mr. Sorio's affidavit, which is unlikely, Hana K is entitled to depose him regarding the substance of his declaration. Alternatively, Christia's suggests that if additional testimony is necessary, Hana K should take Mr. Sorio's deposition on written interrogatories. The court rejects that suggestion. Although a deposition on written interrogatories is appropriate in certain limited circumstances, the court finds it is not an adequate substitute for an oral deposition in this case. *Mill-Run Tours, Inc.*, 124 F.R.D. 547, 549-550 (S.D.N.Y. 1989) (denying foreign defendants' request to take depositions by written questions). Christia has failed to persuade the court that presenting Mr. Sorio for deposition would create a substantial hardship for Mr. Sorio or Christia. *Id.* at 549. Moreover, proceeding on written interrogatories denies plaintiff's counsel the opportunity to ask follow-up questions, observe the witness's demeanor, or evaluate his credibility. *Id.* Additionally, taking the deposition by written questions provides "an opportunity for counsel to assist the witness in providing answers so carefully tailored that they are likely to generate additional discovery disputes." *Id.*

Given the court's finding that Hana K is entitled to depose Mr. Sorio, the next issue is where the deposition should take place. Christia argues that the deposition should take place in

2

Italy, whereas Hana K contends the deposition should take place in Chicago. In support of its position, Christia contends that "[t]he case law is clear that '[i]n the absence of *exceptional* or *unusual circumstances*, when a deponent resides a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party.'" (Def.'s Resp. at 5, quoting *Gen. Leasing Co. v. Lawrence Photo Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (D.C. Mo. 1979) (emphasis in original).) There is a general presumption that "the depositions of a corporation through its agents should be taken at the corporation's principal place of business." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (S.D. Ind. 2000). "Nonetheless, 'the court has substantial discretion to specify the time and place of any deposition.'" *Id.* (citation omitted). Accordingly, "'the presumption appears to be merely a decision rule that facilitates determination when other relevant factors do no favor one side over the other.'" *Id.* (citation omitted). Notably, "[c]orporate defendants are frequently deposed in places other than the location of their principal place of business, especially when the deposition site is the forum most convenient to all parties and that which best serves the general interests of judicial economy." *Id.* at 338.

Here, the court finds that the interests of judicial economy favor either (i) taking the deposition via videoconference, or (ii) holding the deposition in Chicago rather than Italy. Taking the deposition via videoconference strikes the court as the most logical, economical solution because nobody is required to travel. Accordingly, the court strongly recommends that the parties arrange to take the deposition via videoconference, with plaintiff to bear the costs for the videoconference.

3

Alternatively, if either party has a reasonable objection to taking the deposition via videoconference or if a video deposition is not technologically possible, then the deposition shall take place in Chicago. As Hana K points out, both parties' attorneys are located in Chicago (in the same building, in fact). If the deposition is taken in Italy, both parties will incur lodging and travel expenses for their attorneys. *See id.* at 337 (travel expenses of attorneys are relevant to determining the location of the deposition). If, on the other hand, the deposition is taken here, Mr. Sorio and perhaps his Italian counsel will have to travel. That means at least two attorneys traveling to Italy, or Mr. Sorio and his Italian counsel traveling to Chicago. The travel issue thus either favors Chicago or results in a tie,[1] depending on which attorneys would attend the deposition. Although travel burdens are close under either scenario, the court exercises its discretion and rules that the deposition should take place in Chicago.[2] *See Fin. Gen. Bankshares, Inc. v. Lance*, 80 F.R.D. 22, 23 (D.C. 1978) ("defendants having to appear for depositions at the place of trial are not unusual").

The only remaining issue is who should pay the costs of Mr. Sorio's lodging and travel expenses in the event the deposition is taken in Chicago rather than via videoconference. Christia maintains that Hana K should be ordered to pay the travel and lodging expenses of Mr. Sorio and his Italian counsel. Under similar circumstances, some courts, in the interest of fairness, have ordered the party seeking the deposition to pay for the deponent's reasonable travel

---

[1] If, however, plaintiff would also need to bring a court reporter to Italy (as plaintiff maintains), then there is no tie.

[2] Another reason favoring Chicago as the location is that by ordering the deposition to be taken here, the court avoids any sovereignty issues in the event a dispute arises and the court is asked to intervene. *Custom Form*, 196 F.R.D. at 336.

4

and lodging expenses. *See, e.g., Partecipazioni Bulgari, S.p.A. v. Meige*, 1988 WL 113346, at *2 (S.D. Fla. 1988); *Fin. Gen. Bankshares*, 80 F.R.D. at 23. Other courts have ordered the parties to split the costs. *See, e.g., Custom Form*, 196 F.R.D. at 338. Here, to avoid a windfall to either party, the court finds that the fair result is for each party to pay half of the reasonable travel and lodging expenses for Mr. Sorio and his Italian counsel, if counsel's appearance is necessary.[3] With the deposition taking place in Chicago, if costs were not shared, Hana K would not incur any travel and lodging expenses, whereas Christia would incur the expenses for Mr. Sorio and Christia's Italian counsel to be present. That result is unfair to Christia. Conversely, requiring Hana K to pay all of the expenses for Mr. Sorio and Italian counsel would create a windfall to Christia because even if the if the deposition were taken in Italy, Christia would likely incur the expenses of its Chicago attorney to be present.

## CONCLUSION

Accordingly, plaintiff's motion to compel is granted to the extent plaintiff seeks the deposition of Mr. Sorio. The parties have seven days from the date of this order to notify the court whether the deposition will be taken via videoconference or in person in Chicago. In the event the deposition is taken in Chicago, the court requires each side to pay half of the reasonable

---

[3]To the extent Christia finds it necessary to have Italian counsel present, the court's order to split the travel and lodging expenses covers only one attorney.

5

travel and lodging expenses for Mr. Sorio and Christia's Italian counsel, if counsel's appearance is necessary.

ENTERED:

NAN R. NOLAN

United States Magistrate Judge

Dated: September 23, 2004