Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 903 | **DATE** | 3/16/2011 |
| **CASE TITLE** | PH INTL TRADING CO. vs. CHRISTIA CONFEZIONI, ET AL | | |

**DOCKET ENTRY TEXT**

Accordingly, Hana K.'s motion [246] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff P.H. International Trading Co. ("Hana K.") has moved under Rule 60(b)(6) for relief from a judgment entered against it in 2007. Defendant FBLG, Inc. ("FBLG") opposes the motion and points out that the same issue was raised by Hana K. right after the judgment and that the judgment about which Hana K. complains was the product of a Canadian court. For the reasons below, the Court denies Hana K.'s motion.

**Procedural History**

The procedural history of this case is complex, spanning three different countries. Hana and Pierre Lang ("the Langs") own Hana K. Hana K. filed suit against FBLG and Christa Confezioni S.p.A. ("Christa") in Illinois in 2004. The suit arose from Christa's termination of Hana K.'s exclusive distributor relationship with Christa, an Italian fur coat maker. FBLG, a Canadian company, was Christa's new distributor. After removal, the parties litigated before Judge David Coar, who entered summary judgment against Hana K. on March 29, 2007. (Doc. 205.) As Judge Coar noted in his opinion, Hana K. filed no Local Rule 56.1 response to Defendants' statements of fact and all facts in those statements were deemed admitted. (*Id.*) Judge Coar also noted in his opinion that Hana K. had brought the contract termination issue to an Italian court in 2002, but the Italian court ruled against it. On April 13, 2007, Hana K. moved to vacate that judgment, asserting the summary judgment opinion misinterpreted a key issue of Italian law. (Doc. 207.) That motion was denied on October 5, 2007. (Doc. 211.) On November 5, 2007, Hana K. appealed Judge Coar's summary judgment decision, but its appeal was denied for want of prosecution on June 18, 2008. (*See* Doc. 219.)

According to Hana K., after Judge Coar entered judgment for FBLG, FBLG filed suit against Hana K. and the Langs personally in Montreal, Quebec, to recover lost profits and the attorney's fees and expenses FBLG incurred in defending itself in the Illinois suit. On December 18, 2008, the Montreal court entered a judgment against Hana K. and the Langs, jointly and severally, for CDN 216,027.60. The Montreal court

pierced the corporate veil and entered judgment against the Langs under several provisions of the Civil Code of Quebec, finding that they "masterminded the use of [Hana K.] to unreasonably exercise their right to sue in Illinois." (Doc. 246-1, at 4.) Hana K. asserts that in March 2009, FBLG registered the Montreal judgment the Circuit Court of Lake County, Illinois, and that the Langs did not know of the Lake County judgment until March 13, 2009, when their bank accounts were frozen and they were served with an order to answer.

On September 4, 2009, the Langs, appearing *pro se* as officers of Hana K. (*see* Mot. at 4), filed a motion for relief from judgment under Rule 60, asserting that the decision of the Italian court relied on by Judge Coar was incorrect and asserting that the opinion of an Italian lawyer should be accepted in its place. (Doc. 222.) Judge Coar denied that motion, finding the motion was brought pursuant to Rule 60(b)(2), did not concern evidence newly available, and in any event, and was not brought within a year of judgment. (Doc. 226.) The Langs moved for reconsideration, this time clarifying that the motion was brought under Rule 60(b)(6). (Doc. 227.) That motion was denied as well. (Doc. 229.) On October 9, 2009, the Langs appealed that ruling (Doc. 230), but the Seventh Circuit dismissed the appeal because the Langs could not represent Hana K., a corporation, *pro se. See P.H. Int'l Trading Co. v. Christia Confezioni, S.p.A.*, 371 Fed.Appx. 672, 673 (7th Cir. 2010) (finding a lawyer may litigate in federal court on behalf of a corporation.). Nearly three months after that decision, Hana K. filed the instant motion. The case was transferred to this Court on February 1, 2011. (Doc. 251.)

**Analysis**

Rule 60(b) permits a court to relieve a party from a final judgment for a number of enumerated reasons, as well as "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b) relief is an extraordinary remedy which is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir.2000). Rule 60(b)(6) is not available to a party when attorney negligence or other attorney misconduct is at issue. *See Easley v. Kirmsee*, 382 F.3d 693, 699 n. 5 (7th Cir.2004). Further, "the 'typical' Rule 60(b)(6) case is one where 'there just is no way the party seeking to set aside the judgment could have discovered the ground for doing so within a year of its entry,' as required by Rule 60(b)(1), (2), and (3)." *See Longs v. City of S. Bend*, 201 Fed. Appx. 361, 364 (7th Cir. 2006) (quoting *Lowe v. McGraw-Hill Cos*., 361 F.3d 335, 342 (7th Cir.2004)). Hana K. makes a number of assertions in its motion that the instant situation is "exceptional" and that the Court should relieve Hana K. from the 2007 judgment entered by Judge Coar. The Court addresses each in turn.

First, Hana K. claims that the Montreal court's finding that the suit was frivolous is not supported by Judge Coar's opinion, and that the Lake County judgment is based on the Montreal court's judgment. Hana K. further asserts that the Lake County court should not recognize the judgment because the Langs had no notice of the Lake County proceedings the Montreal court did not have personal jurisdiction over the Langs. The Montreal court's finding that the suit was frivolous, however, was based on the law of Quebec, not any provision of American law. (*See* Doc. 246-1, the Montreal court's order, at ¶¶ 28-31, citing the "C.C.Q.," or the Civil Code of Quebec.) The issues of how a court in Montreal interprets an American opinion under Canadian law, and what relief should be granted to FBLG under that law, is an issue for the courts in Montreal, not this Court. If Hana K. disagreed with the Montreal court's finding, it should have (or may have, the Court does not know) appealed that decision to a higher court in Quebec. Similarly, any arguments that the Montreal judgment should be ineffective in Illinois is an issue for Lake County court, where the judgment was registered, or the appellate courts of Illinois, not this Court. Put simply, the finding of the Montreal court was an independent one based on the law of Canada, and Hana K. must challenge that finding in Canada.

| STATEMENT |
|---|

Second, Hana K. replays the bidding on Judge Coar's summary judgment decision and asserts that Judge Coar's opinion was based on an incorrect reading of Italian law. This same issue was raised in Hana K.'s original motion to vacate summary judgment in April 2007 (*see* Doc. 207), and should have been part of Hana K.'s abandoned Seventh Circuit appeal. *See Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2007) (noting "[a] Rule 60(b) motion is not a substitute for appeal.") Moreover, this issue was litigated in Italy before the instant suit was filed. To the extent Hana K. believes this issue was not addressed correctly by its attorneys, either before Judge Coar or in the abandoned appeal, Hana K.'s remedy is a malpractice suit, not a Rule 60(b)(6) motion. *See Tango Music, L.L.C. v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir.2003) (holding "[i]f a party's lawyer is guilty of professional malpractice ..., the party has a remedy against him, but it should not be permitted to shift the burden of its agent's neglect to the district court and the defendants."). The Court will not re-open this issue yet again.

Third, Hana K. asserts that it should not lose the right to appeal because the Langs proceeded incorrectly *pro se* and that Judge Coar should have told the Langs that Hana K. needed to be represented by counsel. The Court notes that the issue raised by the Langs in their *pro se* filing was the very same one raised by Hana K. in its April 13, 2007 motion, namely, that Judge Coar's interpretation of Italian law was incorrect. Even if the Langs' original Rule 60(b) motion was timely, the Langs' failure to retain counsel in connection with their September 2009 Rule 60 motion to raise the Italian law issue again is not a reason to grant Hana K. the "extraordinary" remedy of Rule 60 relief.